JUSTINA CRUZ NIEVES, Plaintiff and Appellant, *v.* GERARDO M. GONZÁLEZ ET AL., Defendants and Appellees.

No. 9268.   Argued April 4, 1946.—Decided May 31, 1946.

204

*Juan Enrique Géigel* and *Guillermo Silva* for appellant.  *F. Prieto Azúar* for appellee Maryland Casualty Co.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

In an action for damages sustained through the negligent driving of a truck, plaintiff appeals from the judgment dismissing her complaint on the ground that the action is barred by limitations.

■■ Appellant contends that the lower court erred in deciding that the action had prescribed. · She argues in the first place that, although the complaint was filed more than one year after the accident, it avers an extrajudicial claim which interrupted the period of prescription.  The extrajudicial claim was made against one of the defendant parties alone, that is, against the company which insured the damages caused by the truck belonging to another defendant.

The lower court decided that the claim filed against the insurance company did not interrupt the period of prescription, inasmuch as the insurer was not the debtor of the plaintiff, nor was the latter the former's creditor.  Appellant urges that she is the creditor of the insurer particularly in

view of § 175 of the Insurance Law of Puerto Rico [1] under which a claim may be filed jointly against the insurer and the assured. But assuming, without deciding, that the appellant is the insurer's creditor and that her extrajudicial claim interrupted the period of prescription, and hence the action against the insurer is not barred, the action is still barred as against the assured and, consequently, the complaint does not state a cause of action either against the assured or against the insurer, inasmuch as the latter is liable only if the former is. [2]

Although appellant has not argued the point, we have carefully considered the possibility that the interruption of the prescriptive period with regard to the insurer might be effective as against the assured. But we find that under the Civil Code the only case where an extrajudicial claim made against one debtor prejudices another is in that of several, or solidary, obligations. [3] Solidarity is not presumed, and unless expressly contracted [4] it does not exist. And although in the prayer of her complaint appellant asks that defendants be adjudged severally to pay the damages, the complaint fails to allege that the insurer expressly bound itself to pay, jointly and severally with the assured, the damages which the assured's truck might cause a third person. The allegations of the complaint, therefore, do not permit the conclusion that the extrajudicial claim addressed to the insurer prejudiced the assured, since the existence of a solidary obligation is not alleged, nor is it alleged that the claim was addressed to the insurer as the agent or representative of the assured.

We conclude that, even assuming that the complaint shows that the period of prescription was interrupted in so far as the insurance company is concerned, it does not appear that the interruption prejudiced the assured. This being so, the

[1] Laws of 1929, p. 160.

[2] See § 158 of the Insurance Law of Porto Rico (Laws of 1921, p. 522.)

[3] Section 1874, Civil Code, 1930 ed. See also § 1875.

[4] Section 1090, Civil Code, 1930 ed.

action is barred against the assured. And since the insurer is not liable unless the assured is, the complaint does not state a cause of action against the insurer.

Appellant brings up another argument: that the insurer is estopped from pleading prescription. According to the appellant the estoppel arises from the fact, alleged in the complaint, that when plaintiff wrote to the insurer prior to the prescription of the action, asking the company to state whether it was willing to discuss appellant's claim, the insurer answered that it was "most willing to discuss the matter."

The averment made in the complaint falls far short of constituting an estoppel. The statement of the insurer to the effect that it was willing to discuss the matter is not equivalent to a representation or promise to waive the plea of prescription. Neither does it constitute conduct tending to persuade appellant to postpone her action.[5] Besides, an essential element of estoppel is lacking: that the appellant should have changed her position in reliance on the representation or promise of the insurer. Not only is it not alleged that appellant postponed litigation relying on the statement or conduct of the insurer, but it is expressly alleged that the reason for the delay was a different one, that is, "That due to the fact that plaintiff continued under medical treatment until December 1943, and as the degree of her incapacity resulting from the fracture of the right fibula had not yet been determined, plaintiff did not file this complaint until one year had elapsed after the accident."[6]

There is no basis, therefore, for the estoppel invoked by appellant.

The error assigned has not been committed and the judgment is therefore affirmed.

Mr. Chief Justice Travieso did not participate herein.

---

[5] See *Bergeron* v. *Mansour,* 152 F. (2d) 27.

[6] Although the allegation copied above was apparently inserted in the complaint for the purpose of eluding the defense of prescription, appellant has not sought to rely on it. In *González* v. *Pérez,* 57 P.R.R. 843, we held that a similar allegation was immaterial.